United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

YASMIN ZAND,

          Plaintiff,

    v.

FCA US LLC, et al.,

          Defendants.

Case No.  25-cv-10257-BLF

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**

Re:  ECF No. 13

Plaintiff Yasmin Zand brings this action against Defendant FCA US LLC arising out of an allegedly defective engine in her 2021 Chrysler Pacifica ("Vehicle").  Plaintiff asserts causes of action under the Song-Beverly Act and a claim for "Fraudulent Inducement Concealment."  ECF No. 4-1, Ex. A ("Compl.") ¶¶ 40–72.  Before the Court is Defendant's motion to dismiss Plaintiff's third and sixth causes of action and to strike the request for punitive damages.  ECF No. 13 ("Mot.").  Plaintiff did not file an opposition.  *See* ECF No. 17 ("Notice of Non-Opposition").

For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND.

**I.    BACKGROUND**

**A.  Facts**

On April 16, 2021, Plaintiff purchased a 2021 Chrysler Pacifica, which was "manufactured and or distributed" by Defendant.  Compl. ¶¶ 7, 15.  When she purchased the Vehicle, she entered into a warranty contract with Defendant.  *Id*. ¶¶ 7, 8 & Ex. A ("Warranty").  The warranties therein include "the bumper-bumper warranty, powertrain warranty, emission warranty, etc."  *Id*. ¶ 8.

United States District Court
Northern District of California

Plaintiff identifies several defects that manifested themselves during the warranty period, including "engine defects, transmission defects, electrical defects; among other defects and non-conformities." *Id.* ¶ 12. The Complaint centers on an alleged defect in the 2021 Chrysler Pacifica equipped with a 3.6L engine, which is known to cause various issues (the "Engine Defect"). *Id.* ¶ 16. Plaintiff alleges that despite Defendant's fulsome and exclusive knowledge of the Engine Defect, including based on sources not available to the public, Defendant actively concealed the existence and nature of the defect from Plaintiff at the time of purchase and thereafter. *Id.* ¶¶ 20, 23, 25. Plaintiff states that Defendant "has still not fixed the underlying problems that cause the Engine Defect" and has failed to conform the Vehicle to the terms of the express warranty "after a reasonable number of repair attempts." *Id.* ¶¶ 27, 28. According to Plaintiff, the Vehicle is "worthless and/or *de minimis*." *Id.* ¶ 14. The allegations in the Complaint track almost verbatim other complaints filed by Plaintiff's counsel. *See* Request for Judicial Notice, ECF No. 13-2 ("RJN") Ex. 1–5.

**B. Procedural History**

Plaintiff initiated this suit on June 24, 2025, in the Superior Court of California, Santa Clara County. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on November 26, 2025. ECF No. 1.

Plaintiff brings several claims for breach of express and implied warranty under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*, and a claim for fraud: (1) violation of the replace or reimburse provisions of California Civil Code § 1793.2(d); (2) violation of the service or repair provisions of California Civil Code § 1793.2(b); (3) violation of the service literature and replacement parts provisions of California Civil Code § 1793.2(a)(3); (4) breach of the implied warranty of merchantability pursuant to California Civil Code §§ 1791.1, 1794, 1795.5; and (6) "Fraudulent Inducement Concealment." *Id.* ¶¶ 40–72. Claim five, for negligent repair, is brought only against a defendant who is no longer a party in this case. *Id.* ¶¶ 59–63; *see also* ECF No. 4-1 Ex. B. Plaintiff seeks, *inter alia*, actual damages, a civil penalty in the amount of two times her actual damages under California Civil Code § 1794(c) or (e), punitive damages, and attorneys' fees and costs. Compl. at Prayer.

In the instant motion, Defendant seeks to dismiss Plaintiff's third cause of action, for violation of California Civil Code § 1793.2(a)(3) ("section 1793.2(a)(3)"), and Plaintiff's sixth cause of action, for "Fraudulent Inducement Concealment." Defendant also moves to strike Plaintiff's request for punitive damages, because the Song-Beverly Act does not permit the award of punitive damages. Plaintiff has not filed an opposition to the motion, and the deadline to do so has passed. *See* Notice of Non-Opposition.

## II. LEGAL STANDARD

### A. Motion to Dismiss

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

Claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see Kearns v. Ford*

3

*Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  This particularity includes the "'the who, what, when, where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The function of a motion made under this rule is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

"While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits."  *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  "If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion."  *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court."  *Cruz v. Bank of N.Y. Mellon*, No. 12–cv–00846–LHK, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citing *Whittlestone*, 618 F.3d at 973).

### C. Leave to Amend

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003).  A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Id.* at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to

United States District Court
Northern District of California

amend. *See id.*

## III. REQUEST FOR JUDICIAL NOTICE

Defendant requests that the court take judicial notice of five complaints filed by Plaintiff's counsel in other cases. RJN. The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). While the Court "may take judicial notice of the existence of unrelated court documents[] . . . it will not take judicial notice of such documents for the truth of the matter asserted therein." *In re Bare Escentuals, Inc. Secs. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010). Because Defendant requests that the Court take judicial notice of court filings, which are matters of public record, the Court GRANTS Defendant's request, but does not take judicial notice of the documents for the truth of any facts described therein.

## IV. DISCUSSION

Defendant moves to dismiss claim three alleging violation of section 1793.2(a)(3) and claim six alleging fraud and to strike Plaintiff's prayer for punitive damages. Defendant contends that Plaintiff has not adequately stated a claim under section 1793.2(a)(3) and Plaintiff's fraud claim is both barred by the statute of limitations and stated with insufficient particularity under Rule 9(b). Furthermore, because the claim for fraud is the sole cause of action that permits the recovery of punitive damages, Defendant also argues that the prayer for punitive damages should fall with the fraud claim.

### A. California Civil Code § 1793.2(a)(3) (Third Claim)

California Civil Code § 1793.2(a)(3) provides that manufacturers that make express warranties shall "[m]ake available to authorized service and repair facilities sufficient service

United States District Court
Northern District of California

United States District Court
Northern District of California

literature and replacement parts to effect repairs during the express warranty period." In seeking to dismiss Plaintiff's § 1793.2(a)(3) claim, Defendant argues that Plaintiff's allegations are conclusory and that Plaintiff "fails to allege any facts *whatsoever* to give FCA any indication of which parts or literature were not made available to any repair facilities at any time." Mot. at 3. Further, Defendant argues that Plaintiff "does not allege when she brought the Subject Vehicle to any authorized service and repair facility or how such facility was unable to repair the Subject Vehicle." *Id*.

Plaintiff pleads her § 1793.2(a)(3) cause of action by reciting the elements of the claim. *See* Compl. ¶¶ 51–53. These bare conclusions are insufficient to plausibly state a claim. Plaintiff merely recites the statutory language: "Defendant FCA failed to make available to its authorized service and repair facilities sufficient service literature and replacement parts to effect repairs during the express warranty period." *See id.* ¶ 52; Cal. Civ. Code § 1793.2(a)(3). Such "conclusory allegations of law . . . are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). Plaintiff does not allege any facts regarding how Defendant failed to provide the necessary service literature and replacement parts to Defendant's authorized service and repair facilities. There is no indication of when the Vehicle was brought to any authorized service and repair facility or how any such facility was unable to repair the Vehicle. *See Ladanowsky v. FCA US LLC*, No. 24-cv-07197-JST, 2024 WL 5250357, at *3 (N.D. Cal. Dec. 30, 2024) (dismissing plaintiff's claim under California Civil Code § 1793.2(a)(3) for failure to state a claim); *see also Herrera v. Ford Motor Co.*, No. 20-cv-00395-LHK, 2020 WL 3451328, at *5 (N.D. Cal. June 24, 2020) (same). Therefore, the Complaint does not give rise to a plausible inference that the alleged failed repairs were due to unavailable service literature and replacement parts.

Accordingly, the Court GRANTS Defendant's motion to dismiss the section 1793.2(a)(3) claim. As Plaintiff has failed to oppose this motion or offer any indication that further facts could be added to the Complaint to cure the deficiencies, the Court determines that amendment would be futile and dismisses the claim WITHOUT LEAVE TO AMEND.

### B. Fraudulent Inducement Concealment (Sixth Claim)

Plaintiff brings a claim for "Fraudulent Inducement Concealment." Compl. ¶¶ 64–72. She alleges that she was induced to buy the Vehicle because Defendant fraudulently concealed that it had an engine defect. *Id.* Defendant argues that the fraud claim is both barred by statute of limitations and insufficiently stated under Rule 9(b) of the Federal Rules of Civil Procedure.

#### i. Statute of Limitations

Defendant asserts that "the fraud cause of action is barred on its face by the three-year statute of limitations." Mot. at 4–5. According to Defendant, the statute of limitations began to run at the time of purchase, on April 16, 2021, and Plaintiff's Complaint is untimely because it was filed more than three years later, on June 24, 2025. *Id*.

Plaintiff's fraudulent concealment claim is subject to a three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). Section 338(d) also provides that a cause of action for fraud does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Furthermore, "[i]n order to invoke the delayed discovery exception to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Apple Inc. v. Allan & Assocs. Ltd.*, 445 F. Supp. 3d 42, 59 (N.D. Cal. 2020).

Here, the Complaint vaguely asserts the "limitation periods have been tolled by, *inter alia*, the following doctrines or rules: equitable tolling, the discovery rule, the fraudulent concealment rules, equitable estoppel, the repair rule, and/or class action tolling (e.g., *the American Pipe rule*)." Compl. ¶ 37. Further, Plaintiff states she "discovered [FCA's] wrongful conduct . . . shortly before the filing of the complaint, as the Vehicle continued to exhibit symptoms of defects following FCA's unsuccessful attempts to repair them." *Id*. ¶ 38. These conclusory allegations are insufficient. As Defendant correctly argues, Mot. at 4–5, Plaintiff fails to allege any facts regarding when she presented the Vehicle for repair, how long the Vehicle was out of service, or why she could not have discovered the defect earlier despite exercising reasonable diligence. Plaintiff alleges no specific facts to support tolling the applicable statute of limitations. Merely reciting that she learned of the defect shortly before filing suit is not sufficient. Therefore, given

that Plaintiff filed the case more than three years after purchasing the Vehicle, the fraud claim is barred by the statute of limitations.

### ii. Failure to State a Claim

Defendant identifies four reasons why, it contends, Plaintiff fails to adequately state a fraud claim: (1) the Complaint fails to allege facts with sufficient specificity; (2) no independent tort is pled; (3) no agency relationship is alleged; and (4) no corporate ratification of fraud is asserted. *See* Mot. at 5–14.

### a. FRCP 9(b) Specificity

Defendant asserts that, under the heightened pleading standard applicable to fraud claims, Plaintiff "fails to allege necessary facts to support a cause of action for fraud," including because the Complaint is vague and conclusory. *Id*. at 5–8. Defendant argues that the Engine Defect is not identified with any specificity and the Complaint does not set forth any facts that demonstrate Plaintiff's justifiable reliance based on the alleged concealment. *Id*. at 6–7. Defendant further contends that Plaintiff's allegations of FCA's knowledge of the alleged defect are not sufficient. *Id*. at 7–8.

When alleging fraud, a plaintiff must meet the higher pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). Claims based on a fraud by omission theory, as opposed to affirmative misrepresentations, are subject to a more relaxed pleading standard, as "'a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim,' and such a claim 'will not be dismissed purely for failure to precisely state the time and place of the fraudulent conduct.'" *Holley v. Gilead Scis., Inc.*, 379 F. Supp. 3d 809, 817 (N.D. Cal. 2019) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007)). To plead a fraud claim, a plaintiff must state facts sufficient to show: "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Ladanowsky*, 2024 WL 5250357, at *3 (quoting *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004)). Federal courts applying California law have also found a duty on manufacturers to disclose defects

8

that present an "unreasonable safety hazard." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141–43 (9th Cir. 2012) (collecting cases).

Plaintiff's vague, generic, and conclusory allegations do not suffice. To begin, the alleged defects are "engine defects, transmission defects, electrical defects" "that can result in loss of power, stalling, engine running rough, engine misfires, failure or replacement of the engine." Compl. ¶¶ 12, 16; *see Meneses*, 2025 WL 2994998, at *3 (dismissing an identically pled fraud claim on the grounds that the allegations are vague and conclusory). Even when applying the more relaxed pleading standard for an omission-based claim, Plaintiff has failed to sufficiently identify what specific issues the Vehicle experienced. In other words, the "what" is inadequately pled.

As to the alleged concealment of the Vehicle defects, the Complaint alleges nothing more than a conclusory statement that Plaintiff "interacted with sales representatives, considered FCA's advertisement, and/or other marketing materials concerning the FCA Vehicles prior to purchasing the Subject Vehicle," Compl. ¶ 21, and FCA "actively concealed the existence and nature of the alleged defect from Plaintiff," *id.* ¶ 25. With respect to reasonable reliance, Plaintiff asserts that had Defendant revealed the Engine Defect during these interactions, Plaintiff "would have been aware of it and would not have purchased the Subject Vehicle." *Id.* ¶ 21; *see also id.* ¶ 24 ("Plaintiff would not have purchased the Subject Vehicle, or would have paid less for it, had Plaintiff known of the Engine Defect."). These allegations amount to little more than a conclusory recitation of concealment and reasonable reliance thereon. Particularity in this instance might include what was said during the sales process, with whom Plaintiff interacted at the time, and what exact marketing materials were viewed. *See Farrales v. Ford Motor Co.*, No. 21-cv-07624-HSG, 2022 WL 1239347, at *10 (N.D. Cal. Apr. 27, 2022). But Plaintiff includes no such facts.

Finally, Defendant contends that Plaintiff's assertions of FCA's knowledge of the alleged defects are insufficient to make such an inference plausible. Mot. at 7–8. The Court agrees. Plaintiff alleges that FCA had knowledge of the Engine Defect from pre-production and post-production testing data, early consumer complaints, aggregate warranty data compiled from FCA's network of dealers, testing FCA conducted in response to complaints, and warranty repair

United States District Court
Northern District of California

United States District Court
Northern District of California

and part replacements data received from FCA's network of dealers. Compl. ¶¶ 19, 22, 23. According to Plaintiff, Defendant knew or should have known about the engine defect. *Id.* ¶ 23. In *Meneses*, where the complaint included a similar battery of allegations, the court concluded that this "shotgun approach is insufficient" because the plaintiff had not included any specific allegations that FCA was actually aware of the defect or how FCA might have known of it. *See* 2025 WL 2994998, at \*3–4; *see also Farrales*, 2022 WL 1239347, at \*10 (dismissing a fraud claim where the allegations did not support a plausible inference that a car manufacturer had exclusive knowledge of an alleged defect). So here too, Plaintiff's boilerplate allegations do not give rise to a plausible inference that FCA knew or should have known of the alleged defect. As Defendant correctly argues, there is a "gap between possessing general data and having actual knowledge of a specific, material defect." Mot. at 7.

\*          \*          \*

In sum, the fraudulent inducement concealment claim is both barred by the statute of limitations and does not satisfy the heightened pleading requirements of Rule 9(b), and thus the Court GRANTS Defendant's motion to dismiss the fraud claim. Plaintiff did not oppose the motion to dismiss or offer the Court any indication that additional facts could be added to the Complaint to cure the deficiencies, thus the Court determines that amendment would be futile. Accordingly, the dismissal is WITHOUT LEAVE TO AMEND.

### iii.    Punitive Damages

Because the Song-Beverly Act does not authorize punitive damages, Plaintiff's request for punitive damages rises and falls with the fraud claim. *See* Cal. Civ. Code § 1794. As the fraud claim is subject to dismissal without leave to amend, the request for punitive damages is likewise STRICKEN without leave to amend.

## V.    ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion to dismiss, ECF No. 13, is GRANTED, as follows:

1.  The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the Complaint's Third Claim.

2.  The motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the Complaint's Sixth Claim.

3.  The request for punitive damages is STRICKEN WITHOUT LEAVE TO AMEND.

Dated:  April 2, 2026

_____
BETH LABSON FREEMAN
United States District Judge